IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DC ECHOLS, #165 602 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-643-TMH (WO) |
| H. RANDALL THOMAS, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, filed this 42 U.S.C. § 1983 action on August 7, 2008. He seeks to challenge matters related to his criminal court proceedings which took place in October 1991 before the Circuit Court for Montgomery County, Alabama. Plaintiff brings this complaint for damages against the former Judge H. Randall Thomas, former District Attorney Charles Graddick, former Assistant District Attorney Brenda Watson, Jeffery Smith, Esq., and Robert Turner, Esq. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff files the instant § 1983 complaint challenging matters associated with a 1991 conviction entered against him by the Circuit Court for Montgomery County, Alabama. He states that the claims presented in this action "deal[] with the same set of facts filed in petitioner['s] timely filed 2254 petition."[2] (*Doc. No. 1 at 5*.) It is clear from the face of the complaint that the claims Plaintiff lodges against the named defendants with regard to matters which occurred during his criminal court proceedings held in or around October 1991 are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of

---

[2] The court takes judicial notice of its own records which reflect that by order entered December 11, 1992 this court denied and dismissed on the merits Echols' application for habeas corpus relief in which he sought to challenge his 1991 first degree sodomy conviction for which he is serving a twenty-one year term of imprisonment. *See Echols v. Mosley*, Civil Action No. 2:92-CV-875-WHA (M.D. Ala. 1992).

limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions occurred in or around October 1991. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing. Consequently, the applicable statute of limitations expired on the claims related to Plaintiff's October 1991 criminal proceedings in or around October 1993 or within a reasonable time thereafter. As previously noted, Plaintiff filed the instant complaint on August 7, 2008. This filing occurred almost fifteen (15) years *after* the applicable periods of limitation with respect to the matters made the subject of the instant complaint had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v.*

*State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to those claims which occurred in or around October 1991 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Plaintiff's challenges to the actions of Defendants with respect to his criminal court proceedings which occurred in or around October 1991 are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[3] *See Clark v. Georgia Pardons and*

---

[3] Even if the claims were not considered barred by the applicable statute of limitations, Plaintiff's claims against the named defendants would be subject to dismissal with prejudice under the provisions of 28

*Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims challenging events which occurred in or around October 1991 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitations; and

2.  This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 11, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore,

---

U.S.C. § 1915(e)(2)(B)(i) and/or (iii). *See   Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978) (state judge absolutely immune from civil liability for acts taken pursuant to his judicial authority);  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.");  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  *See also Heck v. Humprhey*, 512 U.S. 477, 483-489 (1994) (a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must, therefore, be dismissed).

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of August, 2008.

                                                   /s/Charles S. Coody
                                                CHARLES S. COODY
                                                UNITED STATES MAGISTRATE JUDGE